**TRIDENT PERFUSION ASSOCIATES, INC., Plaintiff,**

v.

**Jefri W. LESNOFF, et al., Defendants.**

**Civil Action No. 95–0034–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Jan. 29, 1998.

Robert Theodore Mitchell, Jr., Winchester, VA, James A. Klenkar, Hall, Monahan, Engle, Mahan & Mitchell, for Plaintiff.

Russell A. Fowler, Fowler, Griffin, Coyne & Coyne, Winchester, VA, Mark D. Obenshain, Wharton, Aldhizer & Weaver, Harrisonburg, VA, for Defendants.

## ORDER

CRIGLER, United States Magistrate Judge.

For the reasons set forth in the court's Memorandum Opinion of even date, it is

### ORDERED

as follows:

1. The defendants' motions of October 9, 1997 and October 24, 1997 to exercise retained jurisdiction to consider an award of additional counsel fees hereby are GRANTED.

2. Jefri W. Lesnoff hereby shall have and recover against Trident Perfusion Associates, Inc. the sum of $4,200.00 as additional counsel fees incurred in appeal.

3. J. Martin Downing hereby shall have and recover against TPA, Inc. the sum of $4,100.00 as additional counsel fees incurred on appeal.

4. Michael Stubbs hereby shall have and recover against TPA, Inc. the sum of $ 14,-112.00 as additional counsel fees incurred on appeal.

5. The Clerk hereby is directed to record this judgment among the records of the court as an additional part of the final judgment in this case.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

## MEMORANDUM OPINION

This action is again before the court on the October 9, 1997 and October 24, 1997 motions of defendants, Stubbs, Lesnoff and Downing, respectively, to exercise retained jurisdiction and to award of additional attorneys' fees incurred on appeal of this case, which resulted in an affirmation of this court's judgment. On October 29, 1997 the court entered an order which gave plaintiff 30 days to respond to the Lesnoff and Downing motion but inadvertently failed to include a response time to Stubbs' motion. On December 12, 1997, plaintiff certificated a response to all the motions, which was clearly out of time for responding to the Lesnoff and Downing motions but not out of time for responding to Stubbs' motion. Stubbs seeks to have the response stricken as being untimely, but he also has replied substantively to plaintiff's response. Lesnoff and Downing have filed no other pleadings.

When this court entered final judgment in favor of the defendants, which included an award of attorneys' fees and costs as part of the judgment, the court specifically retained jurisdiction to determine whether any additional fees would be awarded in the event of an unsuccessful appeal. Therefore, it is this court's view that jurisdiction exists to entertain the motions now before the court. Moreover, the court's Order fixing the time in which to respond to the defendants' recent motion was, itself, incomplete because it failed to provide a time in which to respond to Stubbs' motion. As a result, the court will consider the responses to all mo-

tions, though untimely, and it will determine the matters as if properly defended.

■ Plaintiff essentially takes the position that because it did not appeal the entire judgment, only that portion of the decision which found plaintiff acted in "bad faith" and awarded counsel fees, a further award of counsel fees incurred while the case was on appeal, as a matter of law, cannot be related to the "bad faith" this court found in plaintiff's initial institution of the action. According to this logic, the motions for additional fees cannot be premised on plaintiff's original bad faith in instituting and proceeding to trial on its original claims under the Virginia Trade Secrets Act, Va.Code § 59.1–338.1. Furthermore, plaintiff contends that the motions do not arise under some other precept of fee shifting in Virginia because Virginia adheres to the "American Rule" at common law and clearly there is no other statutory basis for a fee award in this case apart from the Trade Secrets Act.

Defendant Stubbs, on the other hand, asks the court to consider the fact that the fees sought here were incurred in defending that part of the court's judgment which was bottomed upon a finding that plaintiff acted in bad faith in initiating and pursuing the case in the first instance. Stubbs suggests that Virginia has recognized the authority of lower courts to revisit its assessment of an attorney fee award after the decision is affirmed on appeal. Moreover, he argues that Trident's position here is unduly restrictive on the court's power to assess fees because but for the plaintiff's bad faith in filing and pursuing the claim in the first instance, no attorney fees whatsoever would have been incurred by the defendants. To put it another way, Stubbs suggests that a loosing Trade Secrets Act plaintiff whom the court has determined acted in bad faith either when it initiated and pursued the claim cannot escape the assessment of additional counsel fees incurred on appeal solely because it chose to appeal fewer than all the issues embodied in the court's final judgment. According to this logic, a loosing Trade Act plaintiff simply takes the risk of increasing its liability for the opposing parties' counsel fees when it chooses to appeal any portion of the final judgment and then looses that appeal.

The court finds Stubbs' position persuasive and compelling for the reasons offered in support thereof and for one additional reason. The additional reason is that a Trade Secrets Act plaintiff has been found to have initiated or pursued the case in bad faith, any award of counsel fees by the trial court would be seriously and irreparably eroded if the prevailing defendants could not also recover counsel fees incurred when they prevailed in the appellate court. To put this another way, it is unconscionable for this court to think that a party who acted in bad faith could erode the value of the legal fees it was ordered to pay in the lower court because of its bad faith there simply by appealing the case and loosing the appeal. In a sense, therefore, a causal connection continues to exist between the initial bad faith and the fees incurred by the prevailing party particularly where the judgment in its favor is affirmed on appeal.

This court holds that when a party to a Virginia Trade Secrets Act case does not prevail and is found to have acted in bad faith, the prevailing party may recover counsel fees not only incurred at the trial level but also those incurred in a successful defense of all or part of the trial court's final judgment on appeal. An order will enter granting the defendants' motions to exercise the court's retained jurisdiction and awarding additional attorneys' incurred by them in their successful efforts to uphold this court's judgment. Finding that the fees requested by defendants are reasonable both as to rate of compensation and as to time spent by their respective counsel, the order will award defendant Jefri W. Lesnoff the sum of $4,200.00, the defendant J. Martin Downing the sum of $4,100.00 and the defendant Michael Stubbs the sum of $14,112.00, said judgment to recorded by the Clerk among the records of this court as an additional part of the final judgment in this case.